Filed 10/7/25  Wilson v. VXI Global Solutions CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CAMIELLE WILSON, | B340615 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. 21STCV09061) |
| v. | |
| VXI GLOBAL SOLUTIONS, LLC, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard L. Fruin, Jr., Judge.  Affirmed in part and reversed in part.

Lathrop GPM, Laura Reathaford and Jeffrey Richmond for Defendant and Appellant.

Blumenthal Nordrehaug Bhowmik De Blouw, Norman B. Blumenthal and Kyle R. Nordrehaug for Plaintiff and Respondent.

———————————————

When defendant VXI Global Solutions, LLC failed to pay fees required to initiate an arbitration of a complaint brought by plaintiff Camielle Wilson, plaintiff moved under Code of Civil Procedure[1] section 1281.97 to vacate the order compelling arbitration and return the matter to court.  Based on evidence of miscommunications between defendant's legal and accounts payable departments, the trial court found defendant's failure to pay the fees was "operational" rather than "intentional."  The court nonetheless granted plaintiff's motion and followed case law applying section 1281.97's forfeiture provisions strictly, with no allowance for excuse.

Defendant appealed.  While the appeal was pending, our Supreme Court issued its decision in *Hohenshelt v. Superior Court* (2025) 18 Cal.5th 310 (*Hohenshelt*).  *Hohenshelt* held federal law would preempt section 1281.98, a sister statute to section 1281.97, if the statute were interpreted to render arbitral rights forfeited even if the failure to pay arbitration fees within the statute's 30-day deadline was inadvertent or otherwise excusable.  To avoid preemption, the *Hohenshelt* court interpreted section 1281.98 to mandate forfeiture of arbitral rights only when nonpayment was willful, grossly negligent, or fraudulent.  Accordingly, *Hohenshelt* rejected a strict application of section 1281.98 that did not allow courts to consider whether nonpayment was excusable.

We conclude *Hohenshelt* applies equally to the forfeiture provisions of section 1281.97, which are materially identical to those of section 1281.98.  We therefore reverse the trial court's

---

[1] Unspecified statutory citations are to the Code of Civil Procedure.

order vacating the order compelling arbitration, which was based on a statutory interpretation rejected in *Hohenshelt*. We affirm, however, the trial court's award of sanctions to plaintiff under section 1281.99, a provision *Hohenshelt* held applied even when nonpayment was not willful, grossly negligent or fraudulent.

## BACKGROUND

On March 8, 2021, plaintiff filed a complaint against defendant, her employer, under the Labor Code Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.; PAGA). On February 16, 2024, the trial court granted defendant's motion to compel plaintiff's individual PAGA claims to arbitration.

On March 19, 2024, the American Arbitration Association (AAA) sent a letter to the parties asking defendant to pay a filing fee of $2,100 by April 18, 2024.

On May 29, 2024, AAA informed the parties that defendant had not paid the requested filing fee, and AAA therefore had administratively closed the file on the matter pursuant to section 1281.97.

Plaintiff then moved under section 1281.97[2] to vacate the order compelling arbitration, return the matter to court, and impose monetary sanctions on defendant. Defendant opposed, arguing, inter alia, the Federal Arbitration Act (9 U.S.C. § 1 et seq.; FAA) preempts section 1281.97. Defendant also submitted a declaration from its in-house counsel explaining the missed payment was due to miscommunications between defendant's legal department and accounts payable department,

---

[2] Plaintiff's motion erroneously identified the applicable statute as section 1281.98, but the trial court construed the motion as brought under section 1281.97, as do we.

which led the legal department to believe, incorrectly, that the accounts payable department had submitted the payment. Defendant did not dispute that it failed to pay the required fee.

In reply, plaintiff argued the FAA was inapplicable to the parties' arbitration agreement, and defendant's "purported excuses for failing to pay the required arbitration fees" were "entirely immaterial" given case law requiring strict application of section 1281.97's deadlines.

The trial court granted plaintiff's motion, "finding defendant in material breach of the arbitration agreement and in violation of section 1281.97(a)." The court stated, "The Court understands that defendant's default in not paying the AAA invoice was . . . operational rather than . . . intentional but the appellate courts have interpreted the statute to allow no delay in paying arbitral invoices." The court imposed $6,315 in sanctions under section 1281.99, reflecting attorney fees incurred by plaintiff to initiate the arbitration and bring the motion under section 1281.97.

Defendant timely appealed.

## DISCUSSION

On appeal, the parties dispute whether the FAA preempts section 1281.97. As we discuss, *Hohenshelt*, issued shortly after plaintiff filed the respondent's brief, resolved this question. The parties have had the opportunity to address the impact of *Hohenshelt*—defendant in its reply brief, and plaintiff in a surreply requested by this court.

### A.    Section 1281.97

"In 2019, the Legislature passed Senate Bill No. 707 (2019–2020 Reg. Sess.) (Senate Bill [No.] 707) . . . in response to 'a

concerning and troubling trend' in consumer and employment arbitrations: 'employers are refusing to pay required fees to initiate arbitration, effectively stymieing the ability of employees to assert their legal rights.' [Citations.] The Legislature noted instances in which companies, having drafted and enforced waivers of class proceedings in employment contracts, faced large numbers of individual arbitration demands and then failed to timely pay arbitration fees, thereby frustrating adjudication of employees' claims." (*Hohenshelt*, *supra*, 18 Cal.5th at p. 329.)

Section 1281.97 was enacted under Senate Bill No. 707. (Stats. 2019, ch. 870, § 4.) Section 1281.97 provides if the drafting party of an employment or consumer arbitration contract fails to pay within 30 days any fees and costs required to initiate the arbitration proceeding, then "the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel arbitration." (§ 1281.97, subd. (a)(1).) As a result of this material breach, the employee or consumer may either "[w]ithdraw the claim from arbitration and proceed in a court of appropriate jurisdiction" or "[c]ompel arbitration in which the drafting party shall pay reasonable attorney's fees and costs related to the arbitration." (*Id.*, subd. (b).)

If the employee or consumer "proceeds with an action in a court of appropriate jurisdiction, the court shall impose sanctions on the drafting party in accordance with Section 1281.99." (§ 1281.97, subd. (d).) Section 1281.99 mandates a monetary sanction of "the reasonable expenses, including attorney's fees and costs, incurred by the employee or consumer as a result of the material breach" (§ 1281.99, subd. (a)), and further allows the court to impose evidentiary, terminating, or contempt sanctions

"unless the court finds that the one subject to the sanction acted with substantial justification or that other circumstances make the imposition of the sanction unjust" (*id.*, subd. (b).)

### B.  *Hohenshelt*

*Hohenshelt* concerned the validity of section 1281.98, the sister statute to section 1281.97.  Whereas section 1281.97 applies when the drafting party of an employment or consumer arbitration agreement fails timely to pay fees required to *initiate* an arbitration, section 1281.98 applies when the drafting party fails timely to pay fees required to *continue* an arbitration already in progress.  (§ 1281.98, subd. (a)(1).)  As with section 1281.97, the consequence of nonpayment is material breach of the arbitration agreement and waiver of the right to compel arbitration.  (§ 1281.98, subd. (a)(1).)  Upon this material breach, the employee or consumer may, among other remedies, "[w]ithdraw the claim from arbitration and proceed in a court of appropriate jurisdiction."  (§ 1281.98, subd. (b)(1).)  Also akin to section 1281.97, should the employee or consumer choose to proceed in court, the court must impose sanctions under section 1281.99.  (§ 1281.98, subd. (c)(2).)

The question in *Hohenshelt* was whether the FAA preempts section 1281.98's provision that drafting parties waive their right to arbitrate if they fail timely to pay arbitration fees. (*Hohenshelt, supra*, 18 Cal.5th at pp. 322–323.)  The FAA sets forth " ' "an equal-treatment principle" ' " that allows courts to " ' "invalidate an arbitration agreement based on 'generally applicable contract defenses,' " ' " but preempts state rules that " ' " 'apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue.' " ' [Citation.]" (*Hohenshelt*, at p. 327.)

6

Our high court agreed with the employer's argument "that if section 1281.98 were construed to mean that any failure to make timely payment, regardless of the circumstances, invariably results in forfeiture of arbitral rights, the statute would be anomalous in the context of general contract law principles." (*Hohenshelt, supra*, 18 Cal.5th at p. 343.) The court held, however, that "section 1281.98, properly construed, is not preempted by the FAA." (*Hohenshelt*, at p. 323.) "[T]he statute does not abrogate the long-standing principle, established by statute and common law, that one party's nonperformance of an obligation automatically extinguishes the other party's contractual duties only when nonperformance is willful, grossly negligent, or fraudulent." (*Ibid.*)

As examples of this "long-standing principle," our high court cited Civil Code section 3275, which "excuses a failure to perform an 'obligation' " if the breaching party " 'mak[es] full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty.' " (*Hohenshelt, supra*, 18 Cal.5th at p. 332, quoting Civ. Code, § 3275.) The court also cited section 473, subdivision (b) as a "path by which a drafting party that does not timely pay fees can be relieved from forfeiting its right to arbitration." (*Hohenshelt*, at pp. 334–335.)

The high court thus rejected lower courts' strict application of section 1281.98's deadlines. It concluded the Legislature did not intend "to strip companies and employers of their contractual right to arbitration where nonpayment of fees results from a good faith mistake, inadvertence, or other excusable neglect." (*Hohenshelt, supra*, 18 Cal.5th at p. 323.) Rather, the Legislature's intent was "to deter companies and employers from engaging in *strategic* nonpayment of arbitration fees." (*Ibid.*)

The Supreme Court directed the Court of Appeal "to remand the matter to the trial court for consideration of whether [the employer] may be excused for its failure to timely pay arbitration fees, such that the stay of litigation should not be lifted and the parties should be returned to arbitration, and whether the delay resulted in compensable harm to [the employee]." (*Hohenshelt*, *supra*, 18 Cal.5th at p. 349.)

## C. The Trial Court's Ruling Vacating the Order Compelling Arbitration Must Be Reversed Under *Hohenshelt*

The trial court in this case, following pre-*Hohenshelt* case law, strictly applied section 1281.97 to conclude defendant had forfeited its right to arbitrate, despite acknowledging defendant's nonpayment was "operational" as opposed to "intentional." This ruling is no longer valid after *Hohenshelt*.

To avoid preemption, our Supreme Court interpreted section 1281.98 to allow courts to excuse forfeiture based on untimely payments that are not willful, grossly negligent, or fraudulent. (*Hohenshelt*, *supra*, 18 Cal.5th at p. 323.) This interpretation applies equally to section 1281.97, the forfeiture provisions of which are materially identical to those of section 1281.98. Absent this interpretation, section 1281.97 "would be anomalous in the context of general contract law principles" and preempted. (*Hohenshelt*, at p. 343.) The parties do not contend otherwise.

The parties agree that under *Hohenshelt*, defendant is entitled to argue its nonpayment was excusable. The parties disagree as to the proper disposition.

Defendant argues the trial court's conclusion that defendant's nonpayment was "operational" and not "intentional"

8

establishes that had the trial court applied the standards articulated in *Hohenshelt*, it would have denied plaintiff's motion to vacate the order compelling arbitration. Defendant contends the trial court's finding the nonpayment was "operational" is also supported by "extensive and uncontroverted evidence." Defendant thus contends remand is unnecessary, and we should reverse the trial court's grant of plaintiff's motion, including the sanctions award.

Plaintiff counters we must remand, despite the trial court's comments that defendant's nonpayment was "operational," rather than "intentional," because the court "did not reach the factual issue of whether the breach had been cured or was in good faith."

We agree with defendant that remand is unnecessary given the trial court's express finding the nonpayment was unintentional. In contrast, in *Hohenshelt*, the trial court made no such findings. In *Hohenshelt*, the plaintiff brought a section 1281.98 motion on September 30 after the defendant failed to pay arbitration invoices issued July 29 and August 29. (*Hohenshelt*, *supra*, 18 Cal.5th at p. 324.) The defendant paid the fees "[s]hortly thereafter," and raised several arguments as to why its delay should be excused, including, inter alia, that defense counsel was unaware of the invoices because of an earlier notice stating the arbitrator was unavailable, and because counsel was preparing to go out on paternity leave. (*Id.* at p. 325.) The plaintiff disputed this explanation and argued counsel's claim of inattention was belied by counsel's participation in the matter during the relevant time frame. (*Ibid.*)

There is no indication in *Hohenshelt* that the trial court or Court of Appeal reached these factual disputes. Rather, the trial

court denied the section 1281.98 motion upon finding the arbitration provider effectively extended the deadline for payment by issuing a notice on September 30 stating the arbitration would be cancelled if the defendant did not pay by October 28.  (*Hohenshelt*, *supra*, 18 Cal.5th at p. 325.)  The Court of Appeal reversed, holding the arbitrator could not unilaterally change the 30-day deadline under section 1281.98, and the defendant, by not paying by that deadline, was in material breach.  (*Hohenshelt*, at p. 325.)

Unlike in *Hohenshelt*, the trial court here addressed the evidence presented by defendant, uncontroverted by any evidence presented by plaintiff, and concluded the nonpayment was unintentional.  This precludes a finding the nonpayment was strategic or, as plaintiff suggests, in bad faith.  In plaintiff's surreply, plaintiff identifies no additional evidence plaintiff might present to undercut the trial court's conclusion, nor does plaintiff argue the nonpayment rises to the level of gross negligence, much less fraud.  The trial court's finding establishes, as a matter of law, that defendant has not forfeited its arbitral rights, which requires reversal of the order vacating the order compelling arbitration.

We affirm, however, the award of $6,315 in sanctions under section 1281.99.  Defendant does not contest the amount of sanctions—its sole argument is reversal of the order vacating the order compelling arbitration necessarily compels reversal of the sanctions award.  This argument fails under *Hohenshelt*, which stated, "[S]ection 1281.99's mandatory sanction provision . . . requires the drafting party to pay any reasonable expenses incurred by the employee or consumer as a result of its failure to timely pay arbitration fees [citation]—in essence, to make the

10

other party whole (Civ. Code, § 3275)—whether the nonpayment was willful or not." (*Hohenshelt*, *supra*, 18 Cal.5th at pp. 339–340.)  Thus, the trial court was statutorily required to impose monetary sanctions regardless of its finding that defendant's nonpayment was unintentional.

## DISPOSITION

The order vacating the order compelling arbitration is reversed.  The order awarding monetary sanctions is affirmed.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.


BENDIX, Acting P. J.


We concur:



WEINGART, J.



M. KIM, J.